[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a petition to modify custody of the daughter of the parties, Holly Concato.
After hearing the court makes the following findings. The parties have been involved in non cooperation over the last two years. The parents never married and presently communicate with each other only when absolutely necessary several years the respondent Karen DeMarco (Haller) resided in Kansas and Missouri but decided to return to Connecticut. She was seeking employment as an MRI technician and decided to have their daughter Holly reside with her father Mark Concato from February 1997 until she found suitable employment. Ms. DeMarco first found work in Albany, New York and then, eventually in June of 1997 she found employment in Rhode Island. Holly continued to reside in Pomfret. Connecticut during this period. She was enrolled in the Pomfret Community School where, from the school reports admitted as exhibits she did average to above average in her classes. Holly was satisfied with her living arrangements. Karen DeMarco, in a CT Page 11575 dispute with Mr. Concato over their daughter's apparent less disciplined conduct and claim of Mr. Concato's neglect of a soccer injury, unilaterally removed her daughter from the Concato residence after a weekend visitation and disenrolled her from the Pomfret Community School. She enrolled Holly in the Killingly school system and they both resided in Killingly. Ms. DcMarco did this without consulting Mr. Concato or discussing the impending move with her daughter.
The daughter testified that she did not want to return to reside with her mother and admittedly she has run away from her on two occasions since October 17, 1997. The daughter testified that she and her mother get into frequent arguments and that her mother slaps her and physically disciplines her. Holly testified that her mother is arbitrary and capricious, has periods of moodiness and makes rash and unexpected decisions. She also testified her mother makes decisions without consulting her and expects her to conform to her mother's wishes without regard to the effect on her.
The daughter asks to reside with her father who she feels is more even handed and is more the stable influence.
Eileen Ford, the family relations division worker, testified that although in her May 14, 1998 report she recommends mother have custody, there have been events which have taken place which now convince her custody with the father would be in the best interest of the daughter. She testified that her investigation disclosed substantial anger by the respondent with Mr. Concato. There is no communication between the parties. Ms. DeMarco's move to Killingly and enrollment of Holly there was not in the best interest of the daughter.
Ms. Ford further testified that mother's response when she is upset about a particular issue is unilateral behavior or flight, leaving the particular area almost on short notice.
Eileen Ford testified that there was a lack of cooperation by Ms. DeMarco with these proceedings. When events in her life presented a problem she just leaves. As an example of this behavior, without advising anyone, knowing that proceedings were going forward here, she again unilaterally relocated to Rhode Island. She withdrew Holly from school, and enrolled her in Naragansett School in the space of three days. This action deprived the family relations division of contact with Holly and CT Page 11576 also deprived the attorney for the minor child with access to her client. Based on all the evidence presented, the exhibits introduced and testimony of the parties, pursuant to the criteria set forth in § 46b-61 and related statutes, the court adopts the recommendation of family relations as elicited in testimony before the court on October 2, 1998. The court finds that it is in the best interest of the child that custody be awarded to the parties jointly residence with the father, Mark Concato with reasonable visitation to the respondent mother, Karen DeMarco on the following schedule.
Every other weekend, from Saturday morning to Sunday evening;
 School vacations are to be alternated yearly provided mother is not working;
 Mother is to have a minimum of 30 days uninterrupted time during the summer vacation;
The parents will alternate yearly the holidays of Thanksgiving and Christmas and alternate the weekend holidays of Labor Day and Memorial Day provided mother is not working during the weekends.
The parents and child are ordered to enter into parent therapy counseling to develop productive communication style.
Mother is ordered to pay child support in the amount of $130 weekly subject to the provision of the income guidelines.
The court finds the attorneys fees of counsel for the minor child in the amount of $1685 to be reasonable and equitable and orders the parties to each pay half of said amount within 90 days.
Kocay, J.